**Application of PITA AMATAGA for Change of Name**

High Court of American Samoa
Trial Division

CA No. 85-95

June 18, 1995

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Petitioner, Afoa Moega Lutu

ORDER REQUIRING NOTICE & FURTHER HEARING

Petitioner seeks an order changing his name from Pita S. Amataga to Pita Amataga Poumele. This application, if granted, will result in petitioner's third set of names.

Petitioner was born Kuinitusi Velo on August 1, 1948, as reflected in his birth certificate. Subsequently, and when he was of full age, he consented to his adoption by his maternal uncle Suafoa Amataga, and his wife Gaupule. Consequently, a decree of adoption issued out of this court on December 31, 1969, resulting in, among other things, petitioner's change of identity to Pita S. Amataga. In apparent pursuance of the decree of adoption, the Registrar of Vital Statistics re-issued a new birth certificate for petitioner reflecting not only his new name but the

identity of his new legal parents.[1]

The application now before the court essentially seeks yet another cognomen change to include the name of "Poumele," the *matai* title name of the petitioner's natural father. The only intelligible reason that we can gather for the application, is that petitioner's natural father's family has awarded him a lesser *matai* title, and that the petitioner would like his legal identity to reflect what he believes are his natural circumstances, for purposes of future *matai* succession.

Unlike a number of other jurisdictions, we lack statutory guidelines for name change proceedings. *See Application of Fogapapa Mamea*, CA No. 95-92 (Trial Div. Jan. 9, 1992) (order requiring notice and further hearing). At common law, a person is free to adopt and use whatever name he or she chooses; however, the court is not subject to the whims of every petitioner and will not lend as of course its imprimatur to effect a change of name. 57 AM. JUR. 2D, *Name*, § 22 at page 668. A name change application will not be granted if it is sought for any fraudulent purpose or if it infringes on the rights of others. *Id.*, § 16 at 663.

The petitioner here, like the petitioner in the *Application of Fogapapa Mamea*, CA No. 95-92, did not satisfactorily address potential complications a name change might impose to his immediate and extended family's future dealings. In these circumstances, the *Mamea* court suggested that:

> [a]t the very least, an affirmative record should be made to show that the wife and minor children, and probably the matai as well, have been notified of this proceeding and are in agreement with the objective, or at least have reasonable opportunity to present any opposition to the name change. This extra effort will also provide the basis for making any order changing his name a record of the other persons whose names [sic] affected by the change.

*Id.* at 2. In addition, the *Mamea* court spoke approvingly of the precautionary step taken by the petitioner there to publish notice of the proceeding in a newspaper of general circulation, thus, "affording some notice to potential creditors and others who may be negatively affected by a name change." *Id.* this "advisable" action taken was in keeping wit h a common statutory requirement in other jurisdictions. *Id.*

Taking guidance from *Mamea*, we deem it eminently sensible in the present matter to require <u>actual</u> notice of these proceedings to the

---

[1] A.S.C.A. § 45.0424(b) authorizes the Registrar of Vital Statistics to issue a new birth certificate showing "the adoptive parents as the natural parents of the [adopted] child...."

petitioner's *matai* and immediate family, as well as <u>constructive</u> notice to potential persons affected, by way of publication in a newspaper of general circulation. Thereafter this matter will further set for hearing.

It is so ordered.